UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ARGUS LEADER MEDIA, dba *ARGUS LEADER*,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE,<br><br>    Defendant. | File 4:11-cv-04121-KES<br><br>DEFENDANT'S POST-TRIAL MEMORANDUM |

## BACKGROUND

Defendant, by and through its attorneys, United States Attorney Randolph J. Seiler and Assistant United States Attorney Stephanie C. Bengford, hereby submits its post-trial memorandum. The issue remaining before the court is whether or not the information requested, individual SNAP retailer redemption information for the years 2005 to 2010, meets the elements of Exemption 4, 5 U.S.C. § 552(b)(4), under the Freedom of Information Act, 5 U.S.C. § 552. The United States Department of Agriculture (USDA) through Food and Nutrition Service (FNS), an agency of USDA, has declined to disclose yearly redemption amounts listed for individual retailers in the FNS' STARS database from January 1, 2005, through December 31, 2010. This information was requested by plaintiff, *Argus Leader*.[1]

---

[1] *Argus Leader* has submitted an additional FOIA request for yearly redemption amounts for a different period of years. Gold T. Tr. 103:1-4.

1 – Defendant's Post-Trial Memorandum

Two elements remain at issue as to Exemption 4, whether the information was obtained from a person and is confidential. The parties agreed to brief for the court only the issue of whether the information requested was obtained from a person.

The redemption information requested is generated by the retailer as part of the Supplemental Nutrition Assistance Program (SNAP).  *See* Testimony of Shelly Pierce, Partial Trial Transcript, ECF 118 (hereinafter "Pierce T. Tr.") 7:20-8:4. Approximately 321,000 retailers would be impacted by the release of this information. *See* testimony of Andrea Gold, partial trial transcript, ECF 118 (hereinafter "Gold T. Tr.") 37:19-38:4.

The Retailer Policy and Management Division (RPMD), a component within FNS, is responsible for retailer management and operations for SNAP. Gold T. Tr. 33:18-25. RPMD sets national policy on the issuance of SNAP benefits through the electronic benefit transfer (EBT) system. Gold T. Tr. 34:7-17. RPMD is responsible for national policy on SNAP retailers, provides training and technical assistance for quality assurance, and provides administrative reviews of SNAP retailer sanctions. *Id.* Additionally, RPMD is responsible for the information technology systems and the data related to managing SNAP retailer participation and SNAP retailer fraud detection. *Id.*; Pierce T. Tr. 4:9-19, 11:1-4, 12:14-16.

The information requested is maintained within an information technology system. Pierce T. Tr. 5:24-6:17. This system is referred to as the Store Tracking and Redemption System (STARS). Pierce T. Tr. 4:15-16. STARS

manages SNAP retailer participation. Pierce T. Tr. 11:1-15. Some of the information included in STARS consists of a store name, store address, mailing address, telephone number, e-mail, type of ownership, ownership information, store hours, information on gross and food sales, and at a "high level," the types of foods sold. Gold T. Tr. 40:16-25.

## STANDARD OF REVIEW

"'Congress intended FOIA to permit access to official information long shielded unnecessarily from public view.'" *Hulstein v. DEA*, 671 F.3d 690 (8th Cir. 2012) (quoting *Milner v. Dep't of Navy,* 562 U.S. 562, 131 S. Ct. 1259, 1262 (2011) (quotation omitted)). USDA recognizes that "FOIA thus mandates that an agency disclose records on request, unless they fall within one of nine exemptions. These exemptions are explicitly made exclusive and must be narrowly construed." *Id.* (quoting *Milner*, 131 S. Ct. at 1262 (quotations omitted)). *See also* 5 U.S.C. § 552(b) (setting forth all nine exemptions). As set forth above, the information that was not turned over is subject to at least one of the nine exemptions under FOIA.

Agency actions under FOIA are reviewed by the district court de novo. 5 U.S.C. § 552(a)(4)(B). When the court is making its de novo review, an agency has the burden of showing that the records have been properly withheld. 5 U.S.C. § 552(a)(4)(B); *Dep't of State v. Ray*, 502 U.S. 164, 173 (1991) (it is agency's burden "to justify the withholding of any requested documents"); *Summers v. DOJ*, 140 F.3d 1077, 1080 (D.C. Cir. 1998) ("When an agency

declines to produce a requested document, the agency bears the burden . . . of proving the applicability of claimed statutory exemptions").

Here, segregation is not an issue. This court has already held the redemption data is not segregable. ECF 38 at 11, n. 2.

## DISCUSSION

Exemption 4 protects "trade secrets and commercial or financial information obtained from a person [that is] privileged or confidential." 5 U.S.C. § 552(b)(4). For the information to be protected under Exemption 4, defendant must show that (1) the information requested is (a) commercial or (b) financial; (2) it is obtained from a person; and (3) it is privileged or confidential. *Brockway v. Dep't of the Air Force*, 518 F.2d 1184, 1188 (8th Cir. 1975) (citation omitted). *See also Torres Consulting & Law Gp., LLC v. Dep't of Energy,* 2013 WL 6196291 (D. Ariz. 2013) (unreported) (quoting *G.C. Micro Corp. v. Def. Logistics Agency,* 33 F.3d 1109, 1112 (9th Cir. 1994)). The legislative history of Exemption 4 notes:

> [Exemption 4] would assure the confidentiality of information obtained by the Government through questionnaires or through material submitted and disclosures made in procedures such as the mediation of labor-management controversies. It exempts such material if it would not customarily be made public by the person from whom it was obtained by the Government. The exemption would include business sales statistics, inventories, customer lists, scientific or manufacturing processes or developments, and negotiation positions or requirements in the case of labor-management mediations.

H.R. Rep. No. 1497, 89th Cong., 2d Sess., 10 (1966).[2] The agency's Exemption 4 argument is not based upon trade secrets or privileged information.

That the information is commercial or financial has been acknowledged by the parties in their pretrial stipulation. ECF 99.

It is the second element of Exemption 4 which the parties are briefing for the court. The second element of Exemption 4 is that the information must be "obtained from a person." *Brockway v. Dept. of Air Force,* 518 F.2d 1184, 1188 (8th Cir. 1975) (citation omitted); s*ee also Skybridge Spectrum Found. v. FCC,* 842 F. Supp. 2d 65, 80 (D.D.C. 2012). "Person" within Exemption 4 includes "'an individual, partnership, association, or public or private organization other than an agency.'" *Id.* (quoting 5 U.S.C. § 551(2)). Exemption 4 "clearly" covers corporations. *FCC v. AT&T Inc.,* 562 U.S. 397, 131 S. Ct. 1177, 1185 (2011). The term "person" in Exemption 4 also "'refers to a wide range of entities including corporations, associations and public or private organizations other than agencies.'" *Dow Jones Co., Inc. v. F.E.R.C.,* 219 F.R.D. 167, 176 (C.D. Calif. 2003) (quoting *Gilmore v. United States Dep't of Energy*, 4 F. Supp. 2d 912, 922 (N.D. Cal. 1998)). See also *Nadler v. FDIC,* 92 F.3d 93, 95 (2d Cir. 1996) (quoting from definition found in the Administrative Procedure Act, 5 U.S.C. § 551(2) when defining person).

---

[2] Noting the courts have held that those portions of the legislative history that did exempt non-commercial or non-financial matters should be given little weight. *Brockway v. Dep't of A ir Force*, 518 F.2d 1184, 1189 and 1189, n.4 (8th Cir. 1975). Defendant is not relying nor cited to those portions of the legislative history above.

"Obtained from a person" is "information obtained outside the government." *Fed. Open Mkt. Comm. of Fed. Reserve Sys. v. Merrill,* 443 U.S. 340, 360 (1979) (citing 5 U.S.C. § 551(2)). The only entity that is not considered a person within Exemption 4 is a federal government agency. *Judicial Watch, Inc. v. Export-Import Bank,* 108 F. Supp. 2d 19, 28 (D.D.C. 2000).

The redemption information the *Argus Leader* has requested takes the following path:

- SNAP client swipes electronic benefits transfer (EBT) card at the SNAP retail food store after a retailer certifies eligible food items were sold (Pierce T. Tr. 7:24-8:1, 8:15-18); next travels electronically to

- third party processor (TPP) – a commercial entity contracted with the retailer to provide point-of-sale equipment and transaction processing services (Pierce T. Tr. 8:5-8, 9:20-22); next travels electronically to

- private, state-contracted EBT-processor, who validates the retailer is authorized to participate in SNAP, the personal identification number (PIN) entered by the client (the SNAP participant) is correct, and there are enough benefits on the client's account to cover the transaction (Pierce T. Tr. 8:8-18, 9:23-25), and compiles a file with daily SNAP redemption totals for each retail location (Pierce T. Tr. 10:23-25) (Gold T. Tr. 41:21-25, 43:21-24); this information is then released electronically to

- FNS, who summarizes the daily totals received into weekly totals (Gold T. Tr. 105:7-22).

The information requested by the *Argus Leader* originates with the retailer.

Retailers that participate in SNAP are "persons" under Exemption 4. A retailer offering SNAP benefits meets the definition of person. The state-contracted EBT-processors and the TPP contracted by the retailers are also

private commercial entities that are included within the definition of person as interpreted in FOIA case law. S*ee, e.g. Nadler*, 92 F.3d at 95.

In addition, that this information ends up with a government agency and that it summarizes the information within the STARS database does not prohibit the application of Exemption 4. "Information contained in a government-generated report is obtained from a 'person' if such information came from a non-governmental source." *High Country Citizens Alliance v. Clarke,* No. 04-CV-00749-MSK-PAC, 2005 WL 2453955 (unreported) (D. Colo. Sept. 29, 2005) (citing *Pub. Citizen Health Research Gp. v. Nat'l Insts. of Health,* 209 F. Supp. 2d 37, 44 (D.D.C. 2002)). "'[S]ummaries or reformulations of information supplied by a source outside of the government'" fall within the protections of Exemption 4. *Pub. Citizen Health Research Gp.*, 209 F. Supp. 2d at 44 (citing *Judicial Watch,* 108 F. Supp. 2d at 28 ("Bank obtained the information from the insurance applicants themselves, commercial lenders for the applicant, or a purchaser of the goods at issue. Each of these entities is a 'person'" within the meaning of Exemption 4.") (citing *Gulf & W. Indus., Inc. v. United States,* 615 F.2d 527, 529-30 (D.C. Cir. 1979)).

Here, FNS is summarizing the daily redemption information it receives which is supplied by a source outside the government, either the retailer, TPP, or state-contracted, private EBT-processor, into reports generated within the STARS database. Just like the court held in *Judicial Watch*, these retailers or entities all satisfy the definition of obtained from a person within Exemption 4. *Compare, Judicial Watch,* 108 F. Supp. 2d at 28.

In addition, the scope of Exemption 4 is "sufficiently broad to encompass financial and commercial information concerning a third party" and Exemption 4 protection is provided whether the commercial interest belongs to the party that provided the information or a third-party. *Bd. of Trade of City of Chicago v. Commodity Futures Trading* Comm'n, 627 F.2d 392, 405 (D.C. Cir. 1980), *abrogated on other grounds by, United States Dep't of State v. Washington Post Co.,* 456 U.S. 595, 598 (1982). Accordingly, the fact that the retailer provides the information to a third-party before providing to FNS does not impact the application of Exemption 4.

When applying the law to the facts, the USDA has established that the information was obtained from a person. The third element of Exemption 4 requires that the information requested is confidential. *Brockway*, 518 F.2d at 1188 (citation omitted). This is the main dispute between the parties. The parties elected not to brief this issue post-trial given all the prior briefing on the applicable law in relation to this element.

## CONCLUSION

USDA submits that the trial testimony in this matter establishes that the information requested was obtained from a person and is confidential. Accordingly, the elements of Exemption 4 are met and the redemption information requested should be barred from release as to all retailers.

Date: June 22, 2016.

        RANDOLPH J. SEILER
        United States Attorney

        /s/ Stephanie C. Bengford
        _____
        STEPHANIE C. BENGFORD
        Assistant U.S. Attorney
        PO Box 2638
        Sioux Falls, SD 57101-2638
        Phone: 605.357.2341
        Fax: 605.330.4402
        Stephanie.Bengford@usdoj.gov