UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

---

A RGUS L EADER M EDIA, DBA *A RGUS LEADER*,

                              Plaintiff,

v.

U NITED S TATES D EPARTMENT OF A GRICULTURE

                              Defendant.

Case No.: 11-4121

**PLAINTIFF'S BRIEF OPPOSING FMI'S MOTION TO INTERVENE, STAY JUDGMENT AND EXTEND APPEAL DEADLINE**

---

Plaintiff, Argus Leader Media (Argus), through its attorney, Jon E. Arneson, submits this response in opposition to Food Marketing Institute's (FMI) emergency motion to intervene, stay the Court's judgment and extend the time to file a notice of appeal. (Doc. 138)

Basically, the stay and extension components of FMI's motion are contingent upon the merits of FMI's eleventh hour endeavor to intervene. So Argus's Brief, to actually be brief, will focus on intervention, and, more specifically, the matter of timeliness.

**Standing.**

The first order of business, however, is an assessment of FMI's standing, which is a prerequisite to intervention. Citing *Owner-Operator Independent Drivers Ass'n, Inc. v. U.S. Dep't of Transportation,* 831 F.3d 961 (8th Cir. 2016), FMI acknowledges that it "must clearly allege facts showing an injury to a legally protected interest that is concrete, particularized, and either actual or imminent." (Doc. 139, p.3)

The concern is that although FMI claims that its members will be subjected to "real and unavoidable harm" by the "release of the relevant SNAP related records" and contends the

"interest it seeks to protect is germane to the organization's purpose," there is no clear indication whether this claimied interest is one shared by all FMI members.

Moreover, it is worth noting that FMI is now attempting to intervene in a case in which the FOIA request was for SNAP sales data from the years 2005-2010. It is now 2017. It is decidedly unlikely that release of SNAP sales data that is seven to twelve years old will cause substantial competitive harm ("injury") to FMI's "incumbent grocers."

FMI's most recent declaration[1] complains of potential use of current information. (Doc. 139-1, ¶6) That the District Court's decision (Doc. 127) might serve as sensible precedent for any exemption 4 claim in this context does not alter the fact that the 2011 case did not cover later SNAP data. It would appear that FMI's real issue is with USDA's decision (Doc. 137-2) to "release annual SNAP retailer redemption information that has since been requested under FOIA." FMI has misdirected its remedial efforts. Intervention in *Argus Leader Media v. USDA* is pointless. FMI, instead, should be separately targeting USDA and seeking some type of injunctive relief.[2]

**Federal Rules on Intervention**

The Federal Rules of Civil Procedure regarding intervention provide:

> **Rule 24. Intervention**
> (a) **INTERVENTION OF RIGHT**. On timely motion, the court must permit anyone to intervene who: …
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that

---

[1] FMI's current declaration is a regurgitation of FMI's previous declaration that was filed in

[2] It should not be inferred from this, however, that Argus believes FMI would be entitled to any injunctive relief.

>   interest.
>
>   (b) **PERMISSIVE INTERVENTION.**
>
>   > (1) *In General.* On timely motion, the court may permit anyone to intervene who: …
>   >
>   > > (B) has a claim or defense that shares with the main action common question of law or fact.

> Establishing a *right* to intervene in this case would entail proof of the following:
>
> > (1) FMI's motion is timely;
> >
> > (2) FMI has, in its words, a "recognized interest" in preserving the confidentiality of USDA's 2005-2010 SNAP retailer sales data;
> >
> > (3) FMI will be irreparably harmed by the disclosure of the SNAP sales data in accordance with the District Court's trial decision; and
> >
> > (4) FMI is not adequately represented due to USDA's decision not to appeal the District Court's ruling.

While permissive intervention has a seemingly less rigorous standard, it, too, is dependent upon the element of timeliness, which is a "threshold issue" for any intervention. *United States v. Ritchie Special Credit Invs., Ltd.*, 620 F.3d 824, 832 (8th Cir. 2010). So regardless of which intervention path is taken, FMI must demonstrate the timeliness of its action. See *Planned Parenthood of the Heartland v. Heineman,* 664 F.3d 716, 718, (8th Cir. 2011) (Citing *American Civil Liberties Union of Minnesota v. Tarek ibn Ziyad Academy*, 643 F.3d 1088, 1093 (8th Cir. 2011) ("Rule 24 provides for intervention as a matter of right and on a permissive basis. In either circumstance [a] motion to intervene must be timely.")

**Timeliness of Intervention Motion**

As FMI concedes, "[t]imeliness is based on the circumstances of the case…." (Doc.139, p. 5) That entails consideration of the specific factors detailed in *American Civil Liberties Union of Minnesota, supra,* at 1094 and repeated soon after in *Planned Parenthood of the Heartland, supra*, at 718:

      (1) the extent the litigation has progressed at the time of the motion to intervene;

      (2) the prospective intervenor's knowledge of the litigation;

      (3) the reason for the delay in seeking intervention; and

      (4) whether the delay in seeking intervention may prejudice the existing parties.

**(1) Litigation progression**

The litigation in this case began 5 ½ years ago in August, 2011. In 2012 the parties dealt with USDA's first summary judgment motion based on FOIA exemption 3. The District Court's grant of summary judgment was appealed by Argus to the 8th Circuit. The parties briefed and argued the appeal during 2013. In 2014 the 8th Circuit reversed and remanded the case to the District Court. After doing extensive preliminary work throughout 2014, including personally notifying every SNAP retailer of the SNAP data request and publishing an RFI on August 4, USDA filed a second summary judgment motion in January, 2105, based on exemptions 4 and 6. After all briefs were filed, the District Court denied the summary judgment motion in September, 2015. The case was subsequently scheduled for trial in May, 2016. USDA eventually abandoned its exemption 6 claim, so the court trial held on May 24 and 25 was confined to FOIA exemption 4. Following the trial and the post-trial briefing that had been requested by USDA, the District Court entered its memorandum opinion, order and judgment in favor of Argus on November 30, 2016. USDA's window to file a notice of appeal closes today, January 29, 2017.[3]

---

[3] By January 18, 2017, on its official government website, USDA had indicated that it would not be appealing the District Court's decision. On its SNAP Retailer Data site (Doc. 137-2) USDA stated, "You may have been contacted by email, voicemail and/or text because you are a current or former SNAP authorized retailer, who participated between 2005 and the present, and FNS received a request for records that will disclose each of your store's individual annual SNAP sales amounts…." Argus cannot definitively say when those contacts were made. It can definitively state, however, that arrangements had been made with the U.S. Attorney's Office for Argus to pick up the 2005-2010 SNAP data that was the subject of the Argus v. USDA FOIA litigation on Tuesday morning, January 31, 2017.

FMI's motion to intervene was filed at approximately 5:30 p.m. on Friday, January 27, 2017.  Suffice it to say, the "litigation has progressed" a long, long way.

**(2) Litigation awareness**

Leslie G. Sarasin, FMI's President and CEO, in her declaration, stated that "FMI was aware of *Argus Leader's* request to the U.S. Department of Agriculture for the SNAP redemption data and that USDA had refused to release the information pursuant several Freedom of Information Act (FOIA) exemptions." (Doc. 139-1, ¶4)  Ms. Sarasin went on to declare "FMI was also aware that *Argus Leader* had filed this lawsuit seeking to compel USDA to produce the SNAP redemption data." (Doc. 139-1, ¶4)

On December 22, 2014, Stephanie Barnes, as FMI's regulatory counsel, executed a declaration that USDA included among the documents it submitted in support of its second summary judgment motion. (Doc. 59-4, attached as Ex.1)[4]  After announcing that "FMI proudly advocates on behalf of the food retail industry," Barnes indicated that "[t]hrough programs in public affairs, food safety, research, education and industry relations, FMI offers resources and provides valuable benefits [to its membership]."  Given FMI's avowed mission and the proximity of its Arlington, Va., headquarters to FNS in Alexandria, Va., it is not surprising that FMI was on top of Argus FOIA request from the beginning and played an active role.

During pre-trial discovery, USDA submitted an answer to an Argus interrogatory listing

---

[4] Ms. Barnes, on behalf of FMI, had previously filed a more comprehensive response to USDA's Request for Information.  (Ex. 2)  In the course of providing a case history, Barnes alluded to the 8th Circuit's exemption 3 decision.  (Ex.2, p.2)  She later emphasized FMI's strong agreement with FNS' exemption 3 position, suggesting equally stong disagreement with the 8th Circuit. (Ex.2, p.8)  It is worth noting that FMI might have tried intervening when it discovered that USDA would not be petitioning for certiorari.

Ms. Barnes as "an individual likely to have discoverable information that defendant may use to support its claims or defenses…." (Doc. 84-17, #1.g, attached as Ex.3) Presumably, this was not done without FMI's consent or knowledge.

Also in the course of pre-trial discovery, USDA specified the Barne's response to the RFI (Ex. 2) as a document that it "may use to support its claim or defenses." (Doc. 84-16, #1.p., attached as Ex. 4). Again, it is highly doubtful FMI and USDA were not in concert.[5]

FMI also incorporates a declaration of Greg Ferrara, Senior Vice President, Governmental Relations and Public Affairs the National Grocers Association to bolster its case for intervention. (Doc. 129-3) It's a peculiar addition, considering National Grocers Association—also headquartered in Arlington, Va.— was very heavily involved at both the summary judgment and trial levels. At the summary judgment stage, NGA's CEO, Peter Larkin had furnished USDA with a signed declaration. (Doc. 59-14, attached as Ex. 6) As it turned out, that declaration, prepared by NGA's counsel, served as a template for ten of the fifteen declarations that USDA offered in conjunction with its exemption 4 summary judgment motion. (Larkin's letter to counsel attached as Ex. 7) As Mr. Ferrara acknowledges, Peter Larkin testified during trial "regarding the harm that NGA members would sustain if the SNAP retailer data are disclosed." (Doc. 139-3, #11) USDA actually offered Mr. Larkin an "expert witness." (Larkin's "expert opinion" is attached as Ex. 8)

Finally, FMI's suggestion that it "will likely be providing additional declarations from concerned grocery retailers" (Doc.139, fn. 1) is interesting and ironic, since it was unable to

---

[5] USDA's reliance on FMI is also evidenced in references in the declaration of Andrea Gold, SNAP's Retailer Policy and Management Division Director, that was filed in conjunction with USDA's second summary judgment motion. (Doc. 78, attached as Ex.5)

muster any assistance from its membership when USDA was asking for help in preparing its exemption 4 summary judgment case. On September 9, 2014, FMI informed its members of the response to the RFI (Ex. 2) that Stephanie Barnes had filed. (Ex. 9 – SNAP Comments) Then, on December 2, 2014, FMI alerted its members of the following:

> FNS is now looking for [SNAP] retailers to submit comments on the impact of releasing individual store SNAP redemption data. These comments would be submitted in the form of signed declarations that FNS would ultimately submit to the court to defend their decision to withhold SNAP data. The deadline for submissions is December 17, 2014. We encourage you all to submit examples of the competitive harm that would be caused if FNS began disclosing [the data]. The more declarations they receive the stronger their position. We are gathering more information from FNS on the format for declarations and are happy to help if you have questions. The comments we filed back in September provide additional background on the elements FNS must prove under Exemption 4. For more information, contact Stephanie Barnes.

(Ex. 10)

On December 16, 2014, FMI followed up with its members about FNS's court needs:

> As reported, FNS reached out to a large number of organizations and individual [SNAP] retailers to submit comments on the impact of releasing individual store SNAP redemption data. These comments must be submitted to FNS in the form of signed declarations that FNS would ultimately submit to the court to defend their decision to withhold SNAP data. The deadline for submissions is tomorrow (December 17). We encourage companies of all sizes to submit examples of the competitive harm that would be caused if FNS began disclosing [SNAP data]. The more declarations they receive the stronger their position.

(Ex. 11)

Despite FMI's repeated solicitations for help from its members, its membership must have responded with a collective yawn. To the best of Argus's knowledge, other than the declaration from Stephanie Barnes (Ex. 1), USDA's received nothing—or at least nothing useful—from the FMI membership.

**(3) Reason for Delay**

Other than the possibility that FMI wanted to let USDA do all the heavy lifting, Argus

has no real understanding why FMI, for all its putative concern regarding the release of SNAP sales data, sat on the sidelines until the last working day before the appeal deadline.

**(4) Prejudice to Existing Parties**

Although USDA could have appealed and presented Argus with the same workload—and wait—that an intervenor's appeal would involve, equity suggests that Argus should not be forced to try this case for a third time. FMI was perfectly content to leave the defense of this case in the capable hands of USDA and government lawyers through two summary judgment motions, an appeal and a trial. Now, faced with a disappointing result, FMI is no longer satisfied with the judgment or competence of those making USDA's legal decisions.

In *Planned Parenthood of the Heartland, supra,* at 718, the Court, quoting *United States v. Associated Milk Producers, Inc.,* 534 F.2d 113, 116 (8th Cir. 1976), observed, "The general rule is that motions for intervention made after entry of final judgment will be granted only upon a strong showing of entitlement and of justification for failure to request intervention sooner." And in the final analysis, nobody pulled the rug out from underneath FMI.

In its brief, FMI argues that it "not only has standing on it own, it is also better positioned to intervene than individual grocers." FMI might have added that it was well positioned to intervene years ago.[6]

**Conclusion**

In conclusion, there is no good reason to let FMI to hold *Argus Leader Media v. USDA* hostage with a stay. The crux of FMI's argument is that it wants a second—or even third—bite

---

[6] Due to the time constraints, Argus is limiting its argument to the issue of "timeliness." However, should it become necessary, it will address other elements of "intervention as a matter of right."

of the apple. And the declarations and brief filed in support of intervention continue to raise the same old unsubstantiated arguments regarding "competitive harm."

USDA spent its considerable resources trying to establish that exemption 4 applied. It failed at the summary judgment level. It failed at trial—but not for lack of competence or effort. It failed because it did not have the facts to sustain its legal burden under FOIA. To be blunt, it failed because there is good reason to conclude substantial competitive harm is simply *not* likely to result from release of SNAP sales data. With all due respect to FMI's lawyers, who are no doubt top notch, the chance of FMI succeeding on appeal, given the state of the record, the burden and the law—and Argus's intentional acquiescence to all the USDA wished to do—is minimal.

DATED this 29th day of January, 2017.

/s/ Jon E. Arneson  
JON E. ARNESON, SD. Bar #45  
123 South Main Avenue, Ste. 202  
Sioux Falls, South Dakota 57104  
Telephone: (605) 335-0083  
Attorney for Argus Leader Media, Plaintiff