UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ARGUS LEADER MEDIA, d/b/a Argus Leader, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES DEPARTMENT OF AGRICULTURE, <br><br> Defendant, <br><br> FOOD MARKETING INSTITUTE, <br><br> Intervenor. | 4:11-CV-04121-KES <br><br> ORDER GRANTING EMERGENCY MOTION TO INTERVENE, STAY JUDGMENT, AND EXTEND TIME TO FILE AN APPEAL |

Intervenor, Food Marketing Institute (FMI), brings this emergency motion to intervene in this litigation, to stay the court's November 30, 2016 judgment, and to extend the deadline to file a notice of appeal. Argus has responded to FMI's motions, and the court grants FMI's motions.

**BACKGROUND**

Argus Leader Media filed a complaint on August 26, 2011, seeking data on the Supplemental Nutrition Assistance Program (SNAP) that is administered by the United States Department of Agriculture (USDA). Docket 1. USDA opposed disclosure of the requested data. The issue before this court was whether Argus was entitled to the data under the Freedom of Information Act (FOIA). During the course of litigation, USDA filed its first motion for summary judgment, limiting its argument to FOIA Exemption 5. Dockets 18 and 23. The court granted USDA's motion and entered judgment in favor of USDA. Dockets 38 and 39. Argus appealed the court's ruling, and the Eighth

Circuit Court of Appeals reversed this court's decision and remanded the case for further proceedings. Dockets 44 and 45.

USDA then filed its second motion for summary judgment, arguing that FOIA Exemptions 4 and 6 applied to Argus's request for SNAP data. Dockets 58 and 61. USDA later withdrew its contention that FOIA Exemption 6 applied. Docket 99 at 1. The court denied USDA's motion for summary judgment. Docket 80. On May 25, 2016, the court began a bench trial on whether Exemption 4 applied to Argus's request. Dockets 99 and 111. Following trial, the court ruled on November 30, 2016, that FOIA Exemption 4 did not apply. Dockets 127 and 128. Throughout the litigation of this case, USDA has argued that Argus's request for SNAP data should be denied.

On January 19, 2017, USDA notified SNAP-authorized retailers that, based on the court's judgment, USDA will disclose the requested SNAP information to Argus. Docket 139 at 2. Members of the Food Marketing Institute (FMI)—who are also authorized SNAP retailers—now object to USDA's release of the SNAP data. *Id.* FMI moves to intervene in this case and requests that the court stay its judgment and extend the deadline to file an appeal. Docket 138.

## MOTION TO INTERVNE

FMI seeks to intervene in this case as a matter of right under Federal Rule of Civil Procedure 24(a)(2). Because the court grants FMI's motion on these grounds, the court does not address FMI's argument that it may permissively intervene under Federal Rule of Civil Procedure 24(b)(1)(B).

I.    **LEGAL STANDARD**

For a party to intervene in litigation, the party must establish Article III standing and satisfy the requirements of Rule 24. *United States v. Metro. St. Louis Sewer Dist.*, 569 F.3d 829, 833 (8th Cir. 2009) (citing *Mausolf v. Babbitt*, 85 F.3d

1295, 1300 (8th Cir. 1996)). To establish Article III standing, a party "must clearly allege facts showing an injury in fact, which is an injury to a legally protected interest that is 'concrete, particularized, and either actual or imminent.' " *Id.* at 834 (citing *Curry v. Regent of the Univ. of Minn.*, 167 F.3d 420, 422 (8th Cir. 1999)). "An association has standing to sue on behalf of its members when '(a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.' " *Owner–Operator Indep. Drivers Ass'n, Inc. v. U.S. Dep't of Transp.*, 831 F.3d 961, 967 (8th Cir. 2016) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977)).

A party has a right to intervene in litigation under Rule 24 if the following criteria are met: "(1) [the party] has a recognized interest in the subject matter of the litigation; (2) the interest might be impaired by the disposition of the case; and (3) the interest will not be adequately protected by the existing parties." *South Dakota ex rel Barnett v. U.S. Dept. of Interior*, 317 F.3d 783, 785 (8th Cir. 2003) (citing *Chiglo v. City of Preston,* 104 F.3d 185, 187 (8th Cir. 1997)).

Rule 24 also requires that the party file a timely motion. Fed. R. Civ. P. 24. To determine whether a motion is timely, the court considers (1) the extent the litigation has progressed at the time of the motion to intervene; (2) the prospective intervenor's knowledge of the litigation; (3) the reason for the delay in seeking intervention; and (4) whether the delay in seeking intervention may prejudice the existing parties. *Am. Civil Liberties Union of Minn. v. Tarek ibn Ziyad Academy*, 643 F.3d 1088, 1094 (8th Cir. 2011) (citing *United States v. Ritchie,* 620 F.3d 824, 832 (8th Cir. 2010); *see also United States v. Union Elec. Co.,* 64 F.3d 1152, 1159 (8th Cir. 1995)).

## II.     DISCUSSION

### A.     Article III standing

In *American Farm Bureau Federation v. EPA*, 836 F.3d 963 (2016), the Eighth Circuit Court of Appeals addressed the requirements for standing for associations. The court held that the American Farm Bureau Federation and the National Pork Producers Council had standing to challenge the release of their members' personal data under FOIA. *Id.* at 968. The Eighth Circuit reasoned that the federal government's "nonconsensual dissemination of personal information" was a sufficient basis to establish a "concrete and particularized injury in fact," giving the associations standing. *Id.* at 968.

Based on *Farm Bureau*, this court finds that FMI has established Article III standing. Similar to the associations in Farm Bureau, FMI has shown that its members would otherwise have standing to sue in their own right because of the potential nonconsensual dissemination of private information. The private nature of the information and its potential disclosure gives FMI members a concrete, particularized legal interest to protect. FMI has also shown that the interests it seeks to protect are germane to FMI's purpose. FMI is an organization that "advocates for food retailers" and "their commercial interests," and the release of SNAP data directly impacts those commercial interests. Docket 139 at 4. Lastly, FMI has shown that neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit. FMI is appealing the application of a FOIA exemption, and the court is able to rule on the application of the exemption without testimony of FMI members. For these reasons, FMI has established Article III standing.

4

### B. Rule 24(a)(2) requirements

FMI has also met the requirements of Rule 24(a)(2). FMI's motion is timely because the association only recently discovered that USDA would not be appealing this court's ruling. Although much of the litigation has already been completed, FMI's interests were sufficiently represented by USDA. It was not until USDA decided to refrain from filing an appeal that FMI needed to intervene. Nothing about the litigation up to this point would have changed if FMI had been a party from the outset. Because FMI has a valid reason for its delay in seeking intervention and no prejudice will result, the court finds that FMI's motion is timely. Furthermore, FMI has an interest in the subject matter of this litigation because its members are directly impacted by the release of the requested SNAP information. FMI's interest in protecting its members' financial data would be impaired by USDA's decision to disclose the data and not appeal this court's ruling, and USDA no longer represents FMI's interests because USDA plans to release the requested SNAP data. Because both the requirements of Article III and Rule 24 are met, FMI may intervene in this case.

## MOTION TO STAY JUDGMENT

### I. LEGAL STANDARD

When ruling on a motion for a stay pending appeal, the court must consider (1) whether the stay applicant has made a strong showing that he or she is likely to succeed on the merits; (2) the threat of irreparable harm to the moving party absent a stay; (3) whether issuance of a stay pending appeal would substantially injure the other parties in the proceeding; and (4) the effect on the public interest. *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987). *See also Iowa Utils., Bd. v. FCC,* 109 F.3d 418, 424 (8th Cir.1996). The Second Circuit Court of Appeals and the Sixth Circuit Court of Appeals have recognized that "[t]he probability of success that must be demonstrated

is inversely proportional to the amount of irreparable injury plaintiff[] will suffer absent the stay." *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002) (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)). Or "[s]imply stated, more of one excuses less of the other." *Id.* (quoting *Griepentrog*, 945 F.2d at 153; *cf. In re Reval AC, Inc.*, 802 F.3d 558, 569-73 (3d Cir. 2015) (finding factors are interconnected).

## II. DISCUSSION

The issue before the court was whether FOIA Exemption 4 applied to individual SNAP retailer redemption data. The issue appears to be one of first impression in the Eighth Circuit Court of Appeals. Because there is not a clearly established answer to this issue, FMI could succeed in an appeal. The disclosure of the requested SNAP data could also cause irreparable harm to FMI members—that is the issue FMI seeks to appeal. And once the data is disclosed, it cannot be unseen. In contrast, Argus and the public will not suffer irreparable harm if the data is not disclosed immediately. Assuming Argus prevails on appeal, Argus will have access to the SNAP data and will be able to publish news articles based on the information. Any harm would be temporary and not irreparable. Based on these considerations, the court grants FMI's motion to stay judgment.

Federal Rule of Civil Procedure 62(d) also states that "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." Here, FMI's motion to stay judgment and desire to appeal directly impacts the litigation expenses Argus must incur. Because Argus may be able to recover attorney fees if it prevails on appeal, this

court orders that FMI post a $20,000 bond. The stay will take effect upon posting of the bond.

## MOTION TO EXTEND TIME TO FILE NOTICE OF APPEAL

FMI moves for a 30-day extension to file a notice of appeal under Federal Rule of Appellate Procedure 4(a)(5)(A). Because FMI did not learn of its need to intervene in this case until January 19, 2017, good cause exists to give FMI a 15-day extension to file its appeal.

## CONCLUSION

This court grants FMI's motion to intervene because FMI has established Article III standing and has met the requirements of Rule 24(a)(2). The court stays its judgment in this case pending review by the Eighth Circuit Court of Appeals because of the potential irreparable harm disclosure of the requested information could cause FMI members, and FMI is required to post a $20,000 bond. The court also grants FMI's motion for a 15-day extension to file an appeal.

DATED this 30th day of January, 2017.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE